UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THOMAS SKUZA,

                    Plaintiff,

    -against-

NATIONWIDE CREDIT, INC.

                    Defendant(s).
-------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff THOMAS SKUZA ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant NATIONWIDE CREDIT INC. ("NCI") hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and New York General Business Law §349 prohibiting unfair and deceptive practices.

## PARTIES

2.    Plaintiff is a resident of the State of New York, residing at 115 N. Queens Ave., Massapequa, N.Y. 11758.

3.    Defendant Nationwide Credit Inc., P.C. is a corporation organized in Georgia, with their main office at 2016 Vaughn Rd., Bldg 400, Kennesaw, GA 30144.

4.    NCI is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, Defendant, on behalf of American Express, began collecting an alleged consumer debt from the Plaintiff.

9. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by mailing the Plaintiff at least three demand letters.

10. The Defendant's First letter dated April 14th, 2010 purports to be sent from American Express concerning account # 371752978486006 and directs the Plaintiff to contact Nationwide Credit, Inc. at 1.888.297.7414. The telephone number 866.479.7925 belongs to Nationwide Credit, Inc.

11. The Defendant's Second letter May 5th, 2010 is from Nationwide Credit Inc. concerning the same American Express account # 371752978486006 and directs the Plaintiff to send any payment to Nation Wide Credit, Inc, P.O. Box 26314, Lehigh Valley, PA 18002-6314.

12. The Defendant's Third Letter which is not dated but has an expiration date

of June 17th, 2010 was sent after the May 5th, letter. The Third letter again purports to be sent from American Express, but the address they use is almost the same PO Box in Lehigh valley PA 18002 with the box # being 26312 – only two numbers difference.

13. All the Defendant's Letters are from Nationwide Credit, Inc. The April 14th, 2010 letter directing the Plaintiff to Nationwide Credit fails to include any of the required warnings under 15 USC §1692e(11) identifying themselves as a debt collector – and further violates 15 USC §1692e preface and e(10) by using a deceptive and misleading means in attempting to collect a debt by pretending that American express sent the demand letter.

14. The Defendant's Third letter again pretending to be from American Express has almost the identical P.O. Box in the same post office where Nationwide Credit Inc., the Defendant receives payments. Again, the Third letter is devoid of all required warnings under15 USC §1692e(11) and is further deceptive and misleading under 15 USC §1692e – preface and e(10) as it was sent by Nationwide Credit, Inc, and not American Express.

15. The Defendant was sent a demand letter and a draft copy of this complaint on August 2nd, 2010 from the Plaintiff's Attorney M. Harvey Rephen. The Defendant did not respond to either the letter and complaint or the numerous phone calls from Attorney M. Harvey Rephen.

16. The Defendant being given at least a week to respond in the letter and informed that the complaint would be filed if there was no response, had ample time to respond and explain the allegations made in the complaint against the Defendant.

17. This complaint against the Defendant was brought in good faith under section 15 USC §1692k(3), and a great effort was expended by Attorney M. Harvey

Rephen to avoid litigation, obtain a reasonable explanation if one existed, and resolve any existing legal issues without having had to file this complaint.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e10, and 15 USC §1692e(11).

20. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

21. Plaintiff THOMAS C. SKUZA hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff THOMAS C. SKUZA demands judgment from the Defendants Nationwide Credit, Inc., as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC

§1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    G.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
Sept.27th, 2010

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (212) 330 - 7582

*Attorney for the Plaintiff THOMAS C. SKUZA*

To:    NATIONWIDE CREDIT INC.
2015 Vaughn Rd., Bldg 400
Kennesaw, GA 30144

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*